[No. 6443.]

MONEY, COUNTY SUPERINTENDENT OF SCHOOLS, v. McCAULEY.

Schools—High School Committee—Under Gen. L. 1877, Sec. 2479, as Amended by the Act of April 20, 1889 (Laws 1889, 337) —The committee of a high school in a district which includes the county seat consists of either the full board of the school district, or of three members of it, as the district board may determine.—P. 276.

*Error to Otero District Court.*
*Hon. C. S. Essex, Judge.*

Mr. FRED A. SABIN and Mr. S. HARRISON WHITE, for plaintiff in error.

Mr. JOHN H. VOORHEES, for defendant in error.

The question presented by counsel for both parties is, whether the high school committee of Union high school No. 1, in Otero county, is composed of three members of the board of directors of

school district No. 11, in that county, and the county superintendent of schools of the county, or of the five members of the board of directors of that district and the county school superintendent. It is presented, so far as necessary to mention, by the following facts:

Union high school No. 1, of Otero county, was organized in 1890. It embraces the city of La Junta, the county seat of that county. School district No. 11 was organized in 1882 as a district of the second class, its board consisting of three members. It embraces the same territory as the Union high school. In April, 1906, district No. 11 became a district of the first class. This change increased the membership of its board to five. May following three directors were elected, who, with the two members whose term did not expire until May, 1908, became the board. Since that time the board of the district has been composed of five members, regularly elected and qualified. June 11, 1906, the board selected three of its members to act as the high school committee of Union high school. This committee, in conjunction with the county superintendent, continued to act until the 27th of May, 1907, at which time a resolution was passed by the board to the effect that the high school committee should consist of all the members of the board. Since this action the county superintendent of schools and one of the members of the board have met, first giving Mr. Draper, a member of the board, legal notice of the time, place and purpose of such meeting, and have assumed to act as constituting the majority of the legally constituted high school committee of Union high school No. 1, their claim being that Mr. Draper is still a member of that committee by virtue of the action of June 11, 1906, appointing him thereon, although he refuses to act with them, and that there is one vacancy in the committee by reason of the

failure of the board of directors of school district No. 11 to select a member thereof to fill the vacancy occasioned by the expiration of the term of office of the director who had acted in that capacity down to the time when his successor was elected at the school election in May, 1907.

In December, 1907, at a meeting of four of the directors of district No. 11, the county superintendent, and the member who acts with her, refusing to take any part therein, although duly notified of the meeting in question, a claim against Union high school No. 1 was audited and allowed. This claim belongs to M. R. McCauley. A warrant was ordered drawn for the payment thereof. This warrant was signed by the secretary and treasurer of the board, and presented to the county superintendent for her signature in her official capacity as a member of the board acting in its capacity as the high school committee of Union high school, and as the presiding officer of such committee. She refused to sign the warrant, and thereafter an action in mandamus was brought against her to compel her to do so. The judgment of the district court directed her to sign the warrant, and she has brought the case here for review on error.

Plaintiff in error contends that the affairs of Union high school No. 1 are under the control of a high school committee consisting of two members of the board of directors appointed thereon, and herself, as presiding officer, and that there is one vacancy on such committee, which should be filled by some other member of the board through its action designating who he should be. On the other hand, the defendant in error contends that the high school committee of Union high school No. 1 is composed of the entire board of directors of school district No. 11, together with the county superintendent, as the presiding

officer thereof. It thus appears that the real difference between counsel representing the respective parties is, whether the board of directors of district No. 11 has the option of determining whether three of its members, or the entire board, shall act as the high school committee of Union high school, so far as such committee is composed of members of the board.

Mr. JUSTICE GABBERT delivered the opinion of the court:

By the General Laws of 1877, general section 2479, it was provided:

"Whenever the school board of two (2) or more contiguous school districts shall each deem it advisable to establish a union high school, the county superintendent shall, at the request of two (2) of the secretaries of the boards call a meeting of the boards interested by giving personal notice to each member, which meeting shall elect, by ballot, from among the members of said boards, if a majority of the members of each board are present, a committee of three (3) to be known as the high school committee of such union high school. The county superintendent shall be *ex officio* an additional member of said committee, and shall preside at the meetings thereof. There shall be elected a secretary of such committee, and, if need be, a treasurer."

In 1889, by the Session Laws of that year, p. 337, this section was amended by adding the following:

"In any case in which the county seat of any county shall be included in one school district, the board of such school district shall have the same powers to (of) establishing and organizing a high school as are hereby given to the boards of two or more contiguous school districts, and in such case the high school committee shall be the board of such

school district, or such three members as they may select. High schools formed under the provisions of this section shall be open to children from all districts of the county in which they are so formed, provided such children are qualified as hereinafter provided."

The original section and amendment now constitute section 3997, Mills' Stats.

Union high school No. 1, Otero county, was organized by virtue of the amendment of 1889, in that it embraced school district No. 11 of that county, which includes La Junta, the county seat. Down to 1906 district No. 11 was only entitled to a board of three members, but when it became a district of the first class, it was entitled to a board of five. Five have been selected. For the period from May, 1906, to May, 1907, the board of the district selected three of its members as the high school committee. Subsequent to that date it has elected to have the entire board act as such committee. That it has the authority to pursue the latter course is clear, because the plain and unambiguous language of the law under which it was organized expressly provides that the high school committee of a union high school established in a school district which includes the whole of the county seat of a county, shall consist of the board of such school district or such three members as they may select, thus leaving it optional with the members of the board to determine whether the union high school of their district shall be governed by the entire board or by a committee of three selected from their number, in so far as such committee is composed of members of the board. The fact that when the union high school was first organized in district No. 11 the number of the directors of that district was only three, does not impose upon the present board the duty of selecting three of its members as a high

school committee when the number of the members of the board has been increased to five, because the board has the authority to exercise the option of determining whether such committee shall consist of all the members of the board, or a certain number thereof.

The section of the school law above quoted relates to two distinct classes of high schools: The first, to those established in two or more contiguous school districts; and the second, to those which include but one district, embracing the county seat of a county. The high school involved belongs to the latter class. For such class the law provides for a high school committee, but such committee is selected in the manner, or is designated according to the law which provides for the creation of the two classes of high schools. Numerous sections of the school law relating to high schools have been referred to by counsel for plaintiff in error in support of their contention that the board must designate three of its members to act on the high school committee, but they do not in any way modify, nor are they in the slightest degree in conflict with, the law which vests in the board of school district No. 11 authority to determine whether the high school committee shall consist of three members of the board, or the entire board. These sections relate to the organization or maintenance of high schools under different circumstances, or to matters entirely foreign to the question here involved. The amendment of 1889 controls the government of high schools organized in a district which includes the county seat of a county, so far as any question presented by the case at bar is involved.

It appears to be conceded by counsel for both parties that the superintendent of schools of Otero county is *ex officio* a member of the high school committee of Union high school No. 1, whether that com-

mittee consists of the entire board or of three of its members. For the purposes of this case we have assumed that she is, but we must not be understood as so deciding.

The judgment of the district court is affirmed.

*Affirmed.*

Chief Justice Steele and Mr. Justice Campbell concur.